# Birmingham & Belt Railway & Navigation Co. *v.* Jackson.

## *Breach of Contract.*

(Decided Jan. 19, 1911. 54 South. 512.)

1. *Contracts; Action; Breach; Benefit of Third Person.*—Where one sues for a breach of contract made between himself and defendant, he cannot sustain such allegation by proof of contract between defendant and another for his benefit.

2. *Same; Adoption of Old Contract.*—Where the owner of a vessel sold it with the agreement that the purchaser should assume the contract of employment made with the crew, the purchaser being a corporation, and the pilot informed the general manager of the purchaser of his contract, and the manager agreed to adopt and carry it out, the old contract was adopted as a basis of a new and independent contract.

3. *Evidence; Weight and Sufficiency.*—Where the plaintiff's uncontradicted evidence showed the existence of a contract, as alleged in the complaint, it was competent for the court to render judgment based on his evidence alone.

4. *Appeal and Error; Harmless Error; Evidence.*—Where the un-contradicted evidence authorized the court to find as it did any error in the admission of evidence corroborative thereof, was harmless.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Richard M. Jackson against the Birmingham & Gulf Railway & Navigation Company. From a judgment for plaintiff, defendant appeals. Affirmed.

It appears that plaintiff was a pilot on a steamboat owned by Jones for a salary of $1,350 per annum, with a month's vacation and pay. Jones sold his interest to the appellant, and the negotiations took the form of letters between one Dewberry, acting for the company, and Jones; one of the alleged stipulations being that the appellant company would assume and carry out the contracts of personal employment existing between Jones and the employees of his boat, including the appellee. It further seems from the record that, after the defendant had taken charge of the business for Jones, the plaintiff went to the vice president and general manager, Mr. Dewberry, and called his attention to the contract with Jones, and to the month's vacation allowed. with pay, and the general manager then and there agreed to same, and stated to plaintiff that he would consult with his captain, and arrange with him as to what time he would be allowed to be away on his vacation. The suit is for the month's wages while away on his vacation.

RICH & HAMILTON, for appellant. Counsel insist that all the evidence of Jones touching his contract with Dewberry as general manager of the defendant was a variance from the allegation of the complaint, and that if not a variance it was incompetent because of the fact that the contract was made by letter, and that no sufficient predicate was laid for the admission

of secondary evidence.—*Foster v. The State,* 88 Ala. 187; *Ala. Mid. v. Crosky,* 92 Ala. 256. That there was a variance between the allegation and proof see *Mont. M. & E. R. Co. v. Culver,* 75 Ala. 590; *A. G. S. v. Mt. Vernon Co.,* 84 Ala. 175; *Moses v. Beverly,* 137 Ala. 481. The plaintiff should have relied upon the special contract made by another for his benefit.—*Mason v. Hall,* 30 Ala. 602.

J. B. JENKINS, for appellee. Counsel discusses the assignments of error insisted on and concludes that an independent promise and agreement was made upon the basis of the old contract, and that on the uncontroverted evidence, the court rendered the only judgment that could have been rendered, but cites no authority.

ANDERSON, J.—The plaintiff, having sued for the breach of a contract between him and the defendant, could not recover upon proof only of a contract between defendant and Jones, though made for the plaintiff's benefit, as there would be a fatal variance. The plaintiff testified, however, that he had an independent contract with the defendant, whereby the general manager, Dewberry, after being informed of the contract he had with Jones, agreed to adopt and carry out same with the plaintiff. This constituted an independent contract between the plaintiff and defendant, based upon the terms of the original one between plaintiff and Jones, and the undisputed evidence showed the existence of same. The plaintiff being uncontradicted in any manner, the trial court was authorized to render a judgment in his favor upon his evidence alone. The evidence of Jones was merely corroborative of the plaintiff's evidence, and, if there was any error in ruling upon the evidence of Jones, it was error without injury, for, with all of the Jones evidence eliminated, the court

could not have found any other judgment than it did, upon the remaining evidence, and none of the objections complained of sought to bring from Jones any contradictions of the plaintiff, but related to facts corroborative or cumulative of his testimony.

The judgment of the law and equity court is affirmed. Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.